Dear Mayor Denais:
This responds to your request for an opinion pertaining to the propriety of the Town of Youngsville installing culverts in a drainage ditch on private property where the Town believes the improvements to be in the public interest, as set forth in Ordinance No. 213 of September 11, 1997.
While no explicit statement was made as to how the improvements would be in the public interest, we will assume that the proposed work would relieve drainage problems within the Town of Youngsville, as well as on the private landowner's property.
The most authoritative statement of law which applies to this area is found in Art. VII, § 14(A) of the Louisiana Constitution of 1974, which prohibits the use of funds, credit or property of public entities from being used for a purely private purpose. The constitutional provision states as follows:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Therefore, funds, credit or property of the Town of Youngsville may be used only for a public purpose and in the public interest, not for a purely private purpose. Although a project may indirectly benefit a private landowner, it would not be prohibited on this basis, provided there is a public purpose for the work.
Prior opinions of this office have allowed the use of public funds insofar as it is necessary to insure efficient drainage through the installation of culverts at the proper elevation and grade, and then only when in the public interest, that is, when such would be necessary for the ". . . welfare of the city . . .". See La. R.S. 33:621 and 33:1324(2), (3) and (6). Under this circumstance, the Town could furnish the labor necessary to installation of the culverts, but not the gravel, culverts and other materials customarily furnished by private landowners. Of course, if a major project contemplating work for a drainage system serving all residents in the area was at issue, our answer might be different.
However, as we understand the current situation, the work under consideration is for a single landowner who is abutted by landowners on both sides who have paid the costs for the installation of culverts across their property.
This office has consistently held that a public entity would have no legal authority to furnish labor or materials for construction work or development which primarily benefits purely private interests, as distinguished from a public purpose in the public interest. Therefore, if the Mayor and Board of Aldermen have correctly made the public purpose determination, the use of public finds and resources would be authorized.
Our conclusions stated above would be different if the works are not for a public purpose to benefit the public interest, but for a purely private interest. Each factual situation must be reviewed on its own merits to determine whether a public purpose truly exists. See Opinions of Attorney General 74-1350; 76-1026; 77-307; 77-392; 77-1394; 78-425; 88-375; 93-396; etc.
We hope that this information is of benefit to you and if we may be of further help, please call upon us at any time.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK:bb